UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS WALKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:11-cv-1193 (MRK) |
| | : | |
| CORRECTIONAL OFFICER RIVERA, | : | |
| | : | |
| Defendant. | : | |

# **INITIAL REVIEW ORDER**

Plaintiff Thomas Walker, incarcerated and proceeding *pro se* and *in forma pauperis*, filed a Complaint [doc. # 1] under 42 U.S.C. § 1983 (2000) against Correctional Officer Rivera in his individual capacity on July 28, 2011. Mr. Walker alleges that on October 14, 2009, when he inquired as to why he was not released for recreation, Mr. Rivera began striking Mr. Walker with several closed-fist punches, as a result of which Mr. Walker suffered injury. Mr. Walker seeks $500,000.00 in compensatory damages, punitive damages, costs and attorney's fees, and any other relief as law and equity may provide.

Under 28 U.S.C. § 1915A (2000), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A (2000).

Under the *Federal Rules of Civil Procedure* and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they]

suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

After careful consideration, the Court concludes that Mr. Walker's allegations warrant service of the Complaint [doc. # 1] and an opportunity for Mr. Walker to address Mr. Rivera's response to the Complaint.

**ORDERS**

The Court enters the following orders:

(1) **The Pro Se Prisoner Litigation Office shall** verify the current work addresses for Mr. Rivera, who was working at Cheshire Correctional Institution on October 14, 2009. The Office shall mail a waiver of service of process request packet, including Complaint [doc. # 1], to Mr. Rivera in his individual capacity within fourteen (14) days of this Order and report to the Court on the status of the waiver request on the thirty-fifth (35) day after mailing. If Mr. Rivera fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshal Service on Mr. Rivera in his individual capacity and he shall be required to pay the costs of such service in accordance with Rule 4(d) of the *Federal Rule of Civil Procedure*.

(2) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint [doc. # 1] and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(3) **The Pro Se Prisoner Litigation Office shall** send written notice to Mr. Walker of the status of this action, along with a copy of this Order.

(4) **Mr. Rivera shall** file his response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this Order. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims. He also may include any and all additional defenses as permitted by the *Federal Rules of Civil Procedure*.

(5) Discovery, pursuant to Rules 26-37 of the *Federal Rules of Civil Procedure*, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the Court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(7) Pursuant to Rule 7(a) of the *Local Rules of Civil Procedure*, a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion may be granted absent objection.

**IT IS SO ORDERED.**

/s/   Mark R. Kravitz
      United States District Judge

Dated at New Haven, Connecticut: August 8, 2011.